UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VACA MARTINEZ, | No. C 13-3399 SI |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BRENDA CASH, Warden, | |
| Respondent. | |

Jose Vaca Martinez, an inmate at the California Institution for Men, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition provides the following information: on June 24, 2010 Martinez pled guilty in Alameda County Superior Court to two counts of forcible lewd acts on a child under the age of 14. On August 4, 2010, the day of sentencing, Martinez requested a 45 day continuance to enable him to hire a new attorney. The trial court denied the request and sentenced petitioner to an aggregated term of 14 years pursuant to the negotiated plea. He appealed. His conviction was affirmed by the California Court of Appeal in 2012, and his petition for review was denied by the California Supreme Court in 2012. He then filed this action.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges that Martinez's constitutional right to counsel of his choice was violated by the trial court's denial of his request for a continuance in order to hire new counsel. This claim is the claim is cognizable in a federal habeas action. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) (defendant who does not require appointed counsel has a Sixth Amendment right to choose who will represent him).

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The Clerk shall serve by first class mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 9, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 13, 2013**.

**IT IS SO ORDERED.**

DATED: February 7, 2014

_____
SUSAN ILLSTON
United States District Judge

3